**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| David Richard Walker, | ) | Civil Action No. 8:19-cv-03043-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chief Mark A. Keel, Director Bryan P. Stirling | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 31, 2019. (ECF No. 9.) The Report addresses Plaintiff David Richard Walker's suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case and deny Plaintiff's Motion for Preliminary Injunction (ECF No. 3). For the reasons stated herein, the court **ACCEPTS** the Report, **DISMISSES** the case without leave to amend and without service of process and **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 3).

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 9.) As brief background, on October 28, 2019, Plaintiff, proceeding *pro se*, filed his 19-page Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Specifically, in his Complaint, Plaintiff alleges that he has "extreme special needs, impairments, disabilities, and conditions for which he seeks protection." (ECF No. 1 at 5–6.) He contends that he is subject to constant and continuous harm by a network of individuals acting against him. (*Id*. at 6.) The network is "massive in amount", "massive in

1

activity", and seeks to oppress, harm, and retaliate against Plaintiff and is comprised of gang members and their government associates. (*Id*.) Plaintiff asserts that individuals within this network communicate with each other via the phones, the internet, and computers throughout the United States and the world, seeking to gain knowledge about Plaintiff and make him the victim of gang activities. (*Id*.) Plaintiff is "extremely repugnant" towards this network, the gangs, and their activities. (*Id*. at 7.) Plaintiff asserts that government employees, including correctional officers and staff members, affiliate themselves with the gang members in this network and aid them in their activities and have directed actual and imminent physical and civil harms against Plaintiff in violation of their duties and the law. (*Id*.) Plaintiff alleges that he has been lynched and assaulted on numerous occasions by the network, falsely imprisoned by the network, and denied intervention and protection by the network. (*Id*. at 11.) Plaintiff also appears to allege that he has been denied his right to petition the government, adequate health care, and protection and safety for his life, liberty, and property. (*Id*.) For his relief, Plaintiff seeks compensatory damages in an amount greater than $75,000, punitive damages, and injunctive relief. (*Id*.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation

or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on October 31, 2019. (ECF No. 9.) Objections to the Report were due by November 14, 2019. (ECF No. 9.) However, objections were due by November 17, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id*.) Neither party filed objections to the report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 9.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9). Therefore, the court **DISMISSES** the case without leave to amend and without service of process and **DENIES** Plaintiff's Motion

for Preliminary Injunction (ECF No. 3).

       **IT IS SO ORDERED.**


United States District Judge

April 20, 2020
Columbia, South Carolina